UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-81-GW(JCx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | *Pat Patton v. DePuy Orthopaedics, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Kelley S. Olah<br>David C. Allen |

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) (LACK OF SUBJECT MATTER JURISDICTION) [13];**

**DEFENDANTS' MOTION TO STAY THE PROCEEDINGS [14]**

Counsel for Plaintiff is not present.

Court confers with defense counsel. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT the Motion to Stay pending this case's transfer to MDL 2244. The Court would DENY the Motion to Remand without prejudice.

The status conference set for March 14, 2019, is continued to March 21, 2019 at 8:30 a.m.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | JG | |

*Patton v. Depuy Orthopaedics, Inc.*; Case No. 2:19-cv-00081-GW-(JCx)
Tentative Ruling on Motion to Remand Pursuant to 28 U.S.C. § 1447(c)

## I. Background

In California Superior Court, Plaintiff Pat Patton ("Plaintiff") sued Depuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., Depuy International, LTD., Thomas P. Schmalzried ("Schmalzried"), Thomas P. Schmalzried (a professional corporation), and Does 1 through 20 (collectively, "Defendants") for (1) strict product liability; (2) negligence; (3) fraud; (4) negligent misrepresentation; (5) breach of implied warranties; and (6) breach of express warranty. *See generally* Complaint for Damages ("Complaint"), Docket No. 1-2 at CM/ECF pgs. 4-22. Defendants removed the case to this Court on January 4, 2019. *See generally* Notice of Removal ("NOR"), Docket No. 1.

Before the Court are two motions. As to the first motion, Plaintiff has filed a motion to remand the case back to state court, arguing that the Court lacks diversity jurisdiction because Plaintiff, Defendant Schmalzried, and Defendant Schmalzried PC are all citizens of California. *See* Motion to Remand Pursuant to 28 U.S.C. § 1447(c) ("MTR"), Docket No. 13. Defendants Depuy Orthopaedics, Inc., Depuy International Limited, Johnson & Johnson Services, Inc., and Johnson & Johnson (collectively, "MTR Defendants") filed an opposition to the MTR arguing a theory of fraudulent joinder. *See generally* Defendants' Opposition to Plaintiff's Motion to Remand ("MTR Opp'n"), Docket No. 17. Plaintiff filed a reply. *See* Plaintiff Pat Patton's Reply in Support of Motion to Remand Pursuant to 28 U.S.C. § 1447(c) ("MTR Reply"), Docket No. 23.

As to the second motion, the MTR Defendants filed a motion to stay all proceedings pending the "almost-certain" transfer of Plaintiff's claims to MDL 2244, the multi-district ligation ("MDL") proceeding established in the Northern District of Texas to coordinate pretrial proceedings in all federal cases involving allegations of personal injury allegedly caused by a Pinnacle Acetabular Cup System ("Pinnacle Cup System"). *See* Memorandum of Points and Authorities in Support of Motion to Stay Proceedings ("MTS"), Docket No. 14-1. Plaintiff filed a three-page opposition to the MTS. *See* Plaintiff's Opposition to Defendants' Motion to Stay Proceedings ("MTS Opp'n"), Docket No. 16. The MTR Defendants filed a reply in support of the MTS. *See* Defendants' Reply in Support of Motion to Stay Proceedings ("MTS Reply"), Docket

1

No. 18.

II. **Analysis**

The MTR Defendants argue that the Court should stay the proceedings in this case pending transfer to the MDL in the Northern District of California that handles similar cases involving the Pinnacle Cup System. *See generally* MTS. In support of that argument, the MTR Defendants assert that a stay would promote judicial economy because this action overlaps with other cases that are part of MDL 2244 and because doing so will prevent duplicative and inconsistent pretrial management efforts including the resolution of the MTR. *See id.* at 4-7. They also argue that Plaintiff would suffer minimal, if any prejudice, from a slight delay in prosecuting this case pending transfer. *See id.* at 7-9. In Plaintiff's short opposition to the MTS, he argues that the Court should rule in his favor on the MTR and thus should refrain from staying the case and granting the MTS. *See generally* MTS Opp'n.

District courts have the discretion to stay proceedings pending before them. *Landis v. N.A. Co.,* 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863 (9th Cir.1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). "Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F.Supp.2d. 1049, 1053 (N.D. Cal. 2004) (*citing Rivers,* 980 F. Supp. at 1360-61).

At the outset, the Court recognizes that it "has, on multiple occasions, [granted similar motions to stay] and denied similar remand motions or requests involving the alleged fraudulent joinder of one or more of the same non-diverse defendants [as in the present litigation], Thomas P. Schmalzried, M.D. and Thomas P. Schmalzried, M.D., A Professional Corporation." *Danning v. DePuy, Inc.*, No. CV 14-1475-GW-(JCx), 2014 WL 12573846, at *1 (C.D. Cal. Apr. 9, 2014) (granting motion to stay and denying motion to remand without prejudice so that the motion to

2

remand could be "resolved on its merits in the MDL action.") (citing *Jones v. DePuy Orthopaedics, Inc.*, CV 13-3178-GW-(JCx), Docket No. 27 (C.D. Cal. June 11, 2013); *Fanning v. DePuy Orthopaedics, Inc.*, CV 13-3179-GW-(JCx), Docket No. 24 (C.D. Cal. June 11, 2013); *Hamelberg v. DePuy Orthopaedics, Inc.*, CV 13-3180-GW-(JCx), Docket No. 25 (C.D. Cal. June 11, 2013); *Stone v. DePuy Orthopaedics, Inc.*, No. CV-13-1265-GW-(JCx), Docket No. 30 (C.D. Cal. Apr. 18, 2013)). As the Court has noted before, "several cases involving Dr. Schmalzried . . . either are or have been joined with the MDL'd proceedings." *See Danning*, 2014 WL 12573846, at \*1. There would only be a slight delay in the MDL's determination of the MTR stemming from the Court granting the MTS, whereas denying the MTS would result in duplicative efforts in analyzing a motion to remand that is substantially similar to those filed in previously transferred cases to MDL 2244. The savings to judicial economy in granting the MTS coupled with the hardship that Defendants would experience without a stay (*i.e.* in risking inconsistent rulings), greatly outweigh any prejudice to Plaintiff. Thus, the Court would mirror its holdings from the above cited cases, granting the MTS pending transfer to the MDL and denying the MTR without prejudice so that the MDL court could resolve the issues presented in that motion.

### III. Conclusion

For the foregoing reasons, the Court would **GRANT** the MTS pending this case's transfer to MDL 2244. The Court would **DENY** the MTR without prejudice.